MRS. LAURA BLEVENS v. KITCHIN LUMBER COMPANY, INC.

(Filed 10 October, 1934.)

1. **Venue A a—Form of action stated in complaint determines whether action is local or transitory.**

   The form of action alleged in the complaint determines whether the action is local or transitory, and upon defendant's motion for removal under C. S., 463 (1), the allegations in defendant's petition that the question of title would be put in issue by defendant's answer denying that portion of the complaint alleging title in plaintiff, must be disregarded in passing upon defendant's motion.

2. **Same—Action to recover worth of timber wrongfully cut and removed by defendant held transitory.**

   A complaint alleging that defendant wrongfully cut and removed timber growing upon lands in which plaintiff had an interest, and which seeks to recover the reasonable worth of plaintiff's interest in the timber so cut, states an action of trover and conversion or of trespass *de bonis asportatis* which is transitory, and defendant's motion for removal from the county of plaintiff's residence where the action was instituted to the county in which the land is situate, upon allegations that the plaintiff's title would be put in issue, was properly refused.

APPEAL by defendant from *Finley, J.,* at January-February Term, 1934, of YANCEY. Affirmed.

This was a civil action brought by the plaintiff in the Superior Court of Yancey County, wherein the defendant filed a petition and motion

before the clerk demanding that the action be removed from Yancey County to Graham County for trial, under the provisions of C. S., 463 (1). The clerk denied the motion and retained the case, and the defendant excepted and appealed, and the judge at term time affirmed the order of the clerk. Whereupon the defendant again excepted and appealed to the Supreme Court, assigning error.

*Watson & Fouts and Moody & Moody for appellant.*
*Charles Hutchins and Ernest L. Briggs for appellee.*

SCHENCK, J. The defendant contends that the action as alleged in the complaint is a local action, and that Graham County, in which the land referred to in the complaint is situated, is the proper venue. The plaintiff contends that the action as alleged in the complaint is a transitory action, and that Yancey County, where it was instituted, is a proper venue. The defendant in its brief says, and correctly so, that "the form of action stated in the complaint determines this appeal"; and, since the "complaint determines this appeal," we are precluded from considering the allegation in the petition for removal that "that portion of said paragraph (of the complaint) alleging title, or an interest in said land, will be denied in the answer of this defendant, which raises the question of title to the land, or any interest therein claimed by the plaintiffs, and it becomes, or will become, necessary to try the title to said tract of land."

The sole question before us is whether the action as alleged in the complaint is transitory or local. If it is local it should have been removed to Graham County. If it is transitory it should have been retained in Yancey County.

The complaint alleges that the plaintiff is the owner of an undivided one-sixth interest in a tract of land in Graham County, and that the defendant, after obtaining certain interests in said tract of land, entered thereupon and cut and removed therefrom virgin timber, and wrongfully and wilfully cut and removed her timber therefrom, "which interest of this plaintiff was reasonably *worth* the sum of $7,500"; and that at the time the defendant "entered in and upon and wrongfully trespassed upon this plaintiff's interest in said property and wrongfully cut, removed and converted the same to its own use," it "knew that this plaintiff had an outstanding interest in said lands, and in the timber thereon, . . . and in direct violation of the law cut and removed the same from the premises."

It will be noted that the plaintiff nowhere seeks to recover real property, or an estate or interest therein, or to recover for injuries to real property, but simply seeks to recover the "reasonable worth" of the timber cut, removed and converted by the defendant.

The third syllabus, which is a proper interpretation of the opinion in the case of *Cedar Works v. Lumber Co.,* 161 N. C., 604, cited in the brief of both parties, reads as follows: "The character of trees severed by a trespasser from the lands is changed from realty to personalty, and when the trees have been carried away, the owner of the lands and trees may sue in trover and conversion, or in trespass *de bonis 'asportatis,* for the value of the trees, both of which actions are transitory, or for trespass *quare clausum fregit,* which is local, and should be brought in the county wherein the land is situated. Revisal, sec. 419." (C. S., 463.)

"It is necessary to distinguish in each case what the particular cause of action is, as alleged. If the timber is cut and removed from the land, it becomes personalty, and the owner has the choice of several remedies. He may sue for the injury to the land by cutting the timber, in the nature of the old action of trespass *quare clausum fregit,* and this is local; he may sue to recover possession of the specific articles of personalty, and the venue is determined by where this particular article is located; he may sue for the value of timber, as in trover and conversion, or for the wrongful taking, as in trespass *de bonis asportatis,* and these are transitory; or, if the article has been sold, he may sue, as in *assumpsit,* for the money received, and this is transitory." McIntosh N. C. Prac. and Proc., sec. 275, p. 260.

"Actions are transitory when the transactions on which they are based *might* take place anywhere, and are local when they could not occur except in some particular place. The distinction exists in the nature of the subject of the injury, and not in the means used or the place at which the cause of action arises. *Mason v. Warner,* 31 Mo., 510; *McLeod v. R. R.,* 58 Vt., 732; *Perry v. R. R.,* 153 N. C., 118." *Brady v. Brady,* 161 N. C., 325.

We think that the action as alleged in the complaint is to recover the value, or "worth," of the plaintiff's interest in timber cut, removed and converted to its own use by the defendant, which is an action of trover and conversion, or of trespass *de bonis asportatis,* and is therefore transitory. We further think the transaction upon which the action as alleged in the complaint is based, namely, the removal and conversion of timber after it had been cut from the land might have taken place anywhere, and could have occurred either in or out of Graham County, and is therefore transitory.

Being of the opinion that the action as alleged in the complaint is transitory, we conclude that his Honor was correct in declining to remove the case to Graham County for trial, and in retaining it in Yancey County.

Affirmed.