HILTON LUMBER COMPANY v. THE ESTATE CORPORATION, THE WILMINGTON SAVINGS & TRUST COMPANY, F. L. FORMY DUVAL, AND O. P. CORBETT.

(Filed 24 May, 1939.)

**Venue § 2a—Held: Action was one to determine amounts to be paid for extension of rights under timber deed and not one affecting realty.**

The timber deed in question provided that the grantee should have the right of annual renewals for a period of five years upon the payment of a sum proportionate to the amount of timber still uncut out of the total amount of standing timber. · The grantor in the timber deed sold the fee, subject to the rights under the timber deed. This action was instituted to enforce the right of renewal upon tender of the amount claimed by the grantee in the timber deed as the amount entitling him to renew. *Held:* The motion of the grantees of the fee to remove the cause to the county in which the uncut timber is situate on the ground that the action involved realty, C. S., 463, 470, was properly denied, since the action is to determine the amount to be paid for the privilege of extension under the provisions of the timber deed and to enforce the right to such extension, and since movants have no right nor interest in the amounts to be paid for the annual extensions to the grantor in the timber deed.

APPEAL by defendants other than The Estate Corporation from *Cranmer, J.,* at September Term, 1938, of NEW HANOVER. Affirmed.

*E. K. Bryan* for plaintiff, appellee.
*Bellamy & Bellamy* for defendants, appellants.

SCHENCK, J.   This is an appeal from an order denying the petition for removal as a matter of right from New Hanover County to Bladen County, duly filed by the defendants other than The Estate Corporation before time for answering had expired, C. S., 470, upon the alleged ground that the action relates to the determination of rights and/or interests in real property in Bladen County. C. S., 463. The defendant, The Estate Corporation, has filed answer.

The complaint alleges that the defendant, The Estate Corporation, sold to the plaintiff, the Hilton Lumber Company, the timber on two tracts of land, one tract in Bladen County and one tract in Pender County, and that simultaneously with the delivery of the deeds for said timber, The Estate Corporation delivered to the plaintiff an agreement wherein it was provided that the plaintiff should have ten years from the date thereof, August 1, 1927, in which to cut and remove the timber, and upon the payment of $3,500 to The Wilmington Savings & Trust Company, for the use and benefit of The Estate Corporation, the plain-

tiff should have annual extensions of the time to cut and remove the timber, not to exceed five years, and, if desired, after some of the timber was cut and removed, the plaintiff should have annual extensions, not to exceed five years, in which to cut and remove the balance of the timber upon the payment to The Wilmington Savings & Trust Company for the benefit of The Estate Corporation of such portion of $3,-500 as bore the same ratio to the timber still uncut as $3,500 bore to the estimated whole of the timber, namely, 18,000,000 feet, the minimum amount to be so paid being fixed at $500, and in the event of a dispute as to the amount to be paid for any extension of time for cutting and removing timber such amount was to be finally determined by The Wilmington Savings & Trust Company.

The complaint further alleges that The Estate Corporation, shortly after the execution and delivery of the timber deeds and agreement to the plaintiff, conveyed the lands upon which the timber stood to one L. B. Rogers, subject to all rights which the plaintiff had by virtue of its timber deeds and agreement, and especially reserved the Estate Corporation's right to any amount or amounts paid for extension of time in which to cut and remove any timber under the agreement; that the timber in Pender County was all cut and removed during the first ten years of the agreement, and there is no controversy involving payments for extensions of time to cut any of it; that the defendants F. L. Formy Duval and O. P. Corbett, through *mesne* conveyances from him, acquired all right, title and interest of L. B. Rogers in the lands upon which the timber stood or stands.

The complaint further alleges that on 31 July, 1937, the plaintiff, the Hilton Lumber Company, tendered to the defendant, The Wilmington Savings & Trust Company, a deed of release for the lands in Pender County and for that portion of the lands in Bladen County from which the timber had been cut and removed, to the defendants Formy Duval and Corbett, and also tendered to said Savings & Trust Company $500, and demanded a year's extension of its right to cut and remove the balance of the timber in Bladen County, which tender and demand The Wilmington Savings & Trust Company declined; and that the plaintiff then tendered said deeds of release and $500 to the defendants F. L. Formy Duval and C. R. Corbett, then claiming to the plaintiff that they were entitled to any and all extension money as successors in title to The Estate Corporation, and demanded a year's extension of its right to cut and remove the remaining timber in Bladen County, which tender and extension were declined by said defendants; that on 1 August, 1937, The Wilmington Savings & Trust Company advised plaintiff that it knew nothing of the matter and preferred not to assume any responsibility under the deeds and agreement heretofore mentioned, and declined

to act, which was the first notice plaintiff received of said Savings & Trust Company's position in the premises.

The complaint further alleges that the plaintiff, the Hilton Lumber Company, desires another year's extension of time from 1 August, 1938, in which to cut and remove the remaining timber in Bladen County, and that it stands ready, willing and able to pay $530 for the extension from 1 August, 1937, to 1 August, 1938, and $500 for an extension from 1 August, 1938, to 1 August, 1939, and asks, upon the payment of such amounts to The Wilmington Savings & Trust Company for the use and benefit of The Estate Corporation, that such extensions be judicially declared, or, in the event the said Savings & Trust Company declines to receive said amounts, that it, the plaintiff, be authorized to pay same direct to The Estates Corporation, and that thereupon such extensions be judicially declared.

A perusal of the complaint divulges that this is an action to determine the amounts to be paid by the plaintiff, the Hilton Lumber Company, for the use and benefit of the defendant, The Estate Corporation, for annual extensions of time under the agreement existing between them for cutting timber on land in Bladen County, and upon the refusal of The Wilmington Savings & Trust Company to receive said amounts for the use and benefit of The Estate Corporation, as provided in said agreement, to have it declared that such amounts shall be paid direct to The Estate Corporation; and that upon payment of said amounts either to the said Savings & Trust Company or to The Estate Corporation, the annual extensions of time be declared by the court. It further appears from the complaint that the appealing defendants have no right nor interest in the amounts to be paid for the annual extensions of time in which to cut the timber, or as to whom, or by whom, such amounts are to be paid. These are questions between the plaintiff, the Hilton Lumber Company, and the defendant, The Estate Corporation. Under such circumstances we are constrained to hold that the action does not relate to any right or interest in real property, but is only an action for a judgment declaring the rights and statuses of the parties to the agreement alleged in the complaint. Public Laws 1931, ch. 102, sec. 1 (N. C. Code of 1935 [Michie], 628 [a]).

The order of the Superior Court is

Affirmed.