GOODYEAR MORTGAGE CORPORATION v. MONTCLAIR DEVELOPMENT
CORPORATION AND GLENN I. HODGE

No. 6SSC197

(Filed 14 August 1968)

**1. Pleadings § 2— nature of action — complaint**

The nature and purpose of an action is to be determined by the allegations of the complaint.

**2. Venue § 5— action affecting title to real estate — removal**

An action which may affect the title to real estate is removable to the county where the land is situated by proper motion made in apt time.

**3. Venue § 5— action affecting title to real estate — removal**

An action brought by corporate plaintiff in the county of its residence for a determination of the rights of the parties to the net profits already realized and to the proceeds from future sales under an agreement whereby plaintiff provided financing for the corporate defendant to purchase real estate for development and resale, the individual defendant was given the right to purchase lots and to erect houses thereon for sale, and the profits were to be shared by plaintiff and the individual defendant, *is held* an action involving only the contractual rights between the parties and not an action affecting the title to real estate; therefore, the action is transitory and is not removable as a matter of right to the county where the land is situated.

APPEAL from *Clarkson, J.,* 7 February 1968, in Chambers, MECKLENBURG County Superior Court.

This civil action was instituted 8 August 1967 in the Superior Court for Mecklenburg County.

On 1 September 1967, each defendant filed a separate motion requesting the removal of this action from Mecklenburg County to Wake County as a matter of right, for that the action was for "the determination of a right or interest in real property."

Pursuant to said motion, Judge Clarkson entered an order 7 February 1968 that "the motions of the defendants should be allowed, as a matter of law."

From this order, the plaintiff appealed.

*Fairley, Hamrick, Hamilton & Monteith by Robert C. Hord, Jr., Attorneys for plaintiff appellant.*

*John V. Hunter, III, Attorney for defendant appellees.*

CAMPBELL, J.

G.S. 1-76 provides for trial in the county in which the subject of

the action is located. The only section of the statute pertinent to this appeal is:

"1. Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

The question for our determination is whether this action is for the purpose of determining "a right or interest in real property" located in Wake County.

[1] The nature and purpose of plaintiff's action is to be determined by the allegations of its complaint. *Casstevens v. Membership Corp.,* 254 N.C. 746, 120 S.E. 2d 94.

The complaint sets out that the plaintiff is a North Carolina corporation with its principal place of business in Charlotte, Mecklenburg County, North Carolina. The defendant Montclair Development Corporation (hereinafter referred to as "Montclair") is a North Carolina corporation with its principal office and place of business in Raleigh, Wake County, North Carolina. The defendant Hodge lives in Wake County and is the principal stockholder of the defendant Montclair. In May 1964 plaintiff and Montclair entered into an agreement whereby Montclair would purchase and develop certain real property located in Raleigh, Wake County, North Carolina; plaintiff would furnish the funds to finance the development, known as Montclair Subdivision. The defendant Hodge had the right to purchase lots in the subdivision after development and was to erect houses for sale in the subdivision. The proceeds of the sales by Hodge were to be applied toward expenses, and the net profits were ultimately to be divided between the plaintiff and Hodge, with 80% going to the plaintiff and 20% going to the defendant Hodge.

The complaint proceeds:

"13. That approximately 35 lots have been sold in the subdivision and monies are now on hand in the amount of $15,768.52, which money is to be distributed to the plaintiff Goodyear Mortgage Corporation and the defendant Glenn I. Hodge in accordance with the terms of the agreement hereinbefore described.

14. That 13 lots remain to be sold in the subdivision and the profits accruing therefrom will be subject to the terms and conditions of the agreement between the parties in respect to division of profits.

15. That a controversy has arisen between the plaintiff and the defendants wherein the plaintiff claims that it is en-

titled to 80 per cent of the net profits accruing from development of the lots in the subdivision as hereinbefore described and the 20 per cent was to be paid to the defendant Hodge; that the defendant Hodge contends that 80 per cent of the profits from the development of the said lots were to be paid to him and 20 per cent of the same was to be paid to plaintiff.

WHEREFORE, THE PLAINTIFF PRAYS THE COURT:

1. That the Court construe the agreement between the plaintiff and the defendants Montclair Development Corporation and Glenn I. Hodge in respect to the rights and interests of the plaintiff and defendants to any and all monies now on hand and the proceeds to be realized from the future sale of any further lots in the Montclair Subdivision, Raleigh, North Carolina.

2. That the Court decree that, pursuant to the terms of the agreement between the parties hereto, that the plaintiff is entitled to distribution to it of 80% of all monies now on hand and the defendant Glenn I. Hodge is entitled to distribution to him of 20% of all monies now on hand.

3. That the Court decree that the plaintiff is entitled to 80% of all net profits hereafter realized from the sale of any and all lots remaining in the said Montclair Subdivision, Raleigh, North Carolina.

4. That the Court enter such further orders and decrees in respect to the respective rights and interests of the plaintiff and defendants as may in its discretion be just and proper.

5. That the costs of this action be taxed against the defendants by the Clerk."

According to plaintiff's allegations, it seeks the construction of an agreement entered into by it, Montclair, and Hodge and seeks to have this agreement construed to the effect that plaintiff is entitled to 80% of all net profits from the venture and Hodge 20%. This division is to apply to the net profits already realized and to the future profits from any further sales of lots.

[2]     When title to real estate may be affected by an action, it is held to be local and removable to the county where the land is situated by proper motion made in apt time.

[3]     The defendant appellees assert that the title to real estate may be affected by this action and that, therefore, the case was

properly removed by the order of Judge Clarkson. The defendants say they find no controlling North Carolina decisions and refer to several cases in other jurisdictions as being controlling in this instance.

We have reviewed all of the cases referred to by the defendants and do not find that they support the position of the defendants.

In *Franco Western Oil Co. v. Cameron,* 200 Cal. App. 2d 37, 19 Cal. Rptr. 304 (District Court of Appeal, Third Dist.), the California Court held that the action was primarily to establish that the plaintiff was the owner of an undivided one-half interest in certain oil and gas leases, and the plaintiff was seeking to have the defendant declared a constructive trustee for said interest and to require the defendant to execute a conveyance to the plaintiff covering said one-half interest. The Court went on to hold that the action was not for a declaratory judgment and the request of the plaintiff for an accounting and a determination of the debits and credits between the parties was only for the purpose of showing that the plaintiff desired to do equity in the matter and that this was only incidental to the real cause of action.

In *Continental Oil Co. v. Anderson,* 405 S.W. 2d 622 (Texas Civil Appeals), the plaintiff was seeking to establish title to a one-twelfth interest in certain minerals and the Court held that, "(u)nless he owns it he is not entitled to recover anything", and thereupon the Court concluded that the action involved title to an interest in real estate and was, therefore, a local action and not transitory.

In *Kirchhof v. Sheets,* 118 Colo. 244, 194 P. 2d 320, the Colorado Court stated that the action involved the right to certain royalty payments to be made by a coal company as compensation for the removal of surface support to land from under which it was removing coal. The Court stated: "The owner of the surface has a right to have the superincumbent soil supported from below in its natural state and * * * such right is an incident to the ownership of the surface. * * * It is an interest in land, and the case was properly brought in Weld county where the land is located."

In *Suits v. Mobil Crude Purchasing Co.,* 182 Kan. 310, 321 P. 2d 167, the plaintiff brought an action seeking one-fourth of certain oil royalties. The defendant stated that it was ready, able and willing to pay the oil royalties but did not know to whom they should be paid as other persons were claiming to own the one-fourth royalty interest the plaintiff claimed. The defendant requested that the other claimants be brought in and made parties to the action. The plain-

tiff then amended the complaint asserting title to the one-fourth interest, and the new defendants sought to have the action dismissed because it was not brought in the county where the real estate was located. The Court held that the action was one to recover an estate or an interest in real estate since it involved the claim to a one-fourth mineral right and that, therefore, the action should be in the county where the real estate was located.

In *Ross v. District Court of Oklahoma County,* 199 Okla. 573, 188 P. 2d 861, the action was one brought to determine an interest in land in the way of an oil and gas royalty. The Court stated: "Royalty is an interest in real property." Since this involved an action to determine an interest in a royalty right, it was an interest in real property and had to be brought in the county where the land was located.

All of these cases referred to by the defendants were cases where title to real estate would be affected by the action.

In the instant case, the plaintiff is not seeking to recover any real estate. The title to the real estate involved in the development will not be affected.

The plaintiff does not seek to impress a trust in favor of the plaintiff on lands located in Wake County as in *Williams v. Mc-Rackan,* 186 N.C. 381, 119 S.E. 746.

This case falls in that class of cases where the title to the real estate is not involved, and the action as set forth in the complaint involves contractual rights between the parties. The contract may have stemmed originally from dealings in real estate, but the cause of action no longer affects a right or interest in real estate. Compare *Lamb v. Staples,* 234 N.C. 166, 66 S.E. 2d 660; *Lumber Corp. v. Estate Corp.,* 215 N.C. 649, 2 S.E. 2d 869; *Blevens v. Lumber Co.,* 207 N.C. 144, 176 S.E. 262; *White v. Rankin,* 206 N.C. 104, 173 S.E. 282.

This case is similar to *Rose's Stores v. Tarrytown Center,* 270 N.C. 201, 154 S.E. 2d 320, where it is stated:

"The judgment plaintiff seeks by its complaint would not alter the terms of the lease, nor would it require notice to third parties. The only result, should plaintiff prevail, would be the personal enforcement of rights granted under a contract of lease. This is a personal right and does not run with the land. Whatever the outcome of this action, the title to the land would not be affected. The defendants would still be owners, with their title unimpaired by this suit. The complaint sounds of breach

of contract and not for 'recovery of real property, or of an estate or interest therein, or for the determination of any form of such right or interest, and for injuries to real property.' G.S. 1-76.

This is a transitory action and is not removable as a matter of right to the county in which the land is situate."

Here, likewise, "whatever the outcome of this action, the title to the land would not be affected. The defendants would still be owners, with their title unimpaired by this suit."

Reversed.

BRITT and MORRIS, JJ., concur.