■ STERLING COMMERCIAL CORP., Appellant, v. MINNIE BRADFORD et al., Respondents.— In an action on a promissory note, in which defendants counterclaimed to cancel a real property mortgage securing the note, plaintiff appeals from an order of the Supreme Court, Nassau County, dated January 15, 1969,

which granted defendants' motion to change the place of trial from Nassau County to Onondaga County, pursuant to CPLR 510 (subd. 1). Order affirmed, without costs. In our opinion, the demand for judgment herein by defendants is such as to "affect the title" to real property so as to render the proper venue of this action Onondaga County where the mortgaged property is situated (CPLR 507; *Nicoletto* v. *Pettit Supply Corp. of Huntington,* 254 App. Div. 750; *Craig* v. *Clifton Springs Country Club,* 26 A D 2d 903; *North Shore Ind. Co.* v. *Randall,* 108 App. Div. 232). The fact that the demand for judgment is contained in a counterclaim rather than in the complaint does not change the result (*Nicoletto* v. *Pettit Supply Corp. of Huntington, supra; Zaczek* v. *Zaczek,* 14 A D 2d 808; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 507.08). We are further of the opinion that, in spite of the untimeliness of defendants' motion, Special Term properly exercised its discretion by granting the motion. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.