GOLDEN B. WISE AND WIFE, HELEN O. WISE v. CARL L. ISENHOUR AND ISENHOUR REAL ESTATE AND CONSTRUCTION COMPANY, INC.

No. 7026SC416

(Filed 5 August 1970)

1. **Venue § 5— local or transitory action**

   The form of the action alleged in the complaint determines whether an action is local or transitory.

2. **Venue § 5— transitory action — contract to construct house — notice of lien**

   An action to recover monetary damages for breach of a contract to construct a house is transitory, and the action may not be transferred as a matter of right to the county wherein the house is located; plaintiff's motion to remove defendant's notice of claim of lien upon the house does not make the action local. G.S. 1-76(1).

3. **Judgments § 48— judgment lien — interests created**

   A lien created by a docketed judgment does not confer an estate or interest in real estate within the meaning of the venue statute, G.S. 1-76, but it merely confers the right to subject the realty to the payment of the judgment by sale of the same under execution.

APPEAL by defendants from *Clarkson, J.,* 13 April 1970 Session, MECKLENBURG Superior Court.

Plaintiffs, residents of Mecklenburg County, instituted this action against defendant Carl L. Isenhour, a resident of Rowan County, and Isenhour Real Estate and Construction Company, Inc., a North Carolina corporation with its principal office and place of business in Rowan County, to recover damages for breach of a construction contract. The complaint alleges in summary the following:

On 7 October 1968, plaintiffs and defendants entered into a contract whereby defendants agreed to construct a dwelling for plaintiffs according to plaintiffs' plans and specifications and situate on a tract of land owned by plaintiffs located in Rowan County. Defendants failed to carry out the construction in conformity to plaintiffs' plans and specifications and refused to make the proper corrections. Plaintiffs seek the sum of $13,463.00 for losses and damages resulting from defendants' failure to perform the contract, and for removal and termination of a notice of claim of lien which defendants had placed on record in Rowan County.

Before the time for answering expired, defendants filed a motion to remove the cause to Rowan County as a matter of right, for that the action involves a right or interest in real property and damages for injuries to real property situate in Rowan County.

After reading the pleadings and hearing arguments of counsel, Judge Clarkson denied defendants' motion. From the denial of said motion, defendants appeal.

*Williams, Willeford & Boger, by Thomas M. Grady, for appellants.*

*Craighill, Rendleman & Clarkson, by Hugh B. Campbell, Jr., for appellees.*

BROCK, J.

Defendants made a motion for change of venue as a matter of right, by virtue of G.S. 1-76, before time for answering expired.

The pertinent portion of G.S. 1-76 reads:

"Where subject of action situated.—Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:

    (1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

Wise v. Isenhour

The sole question presented by this appeal is whether the action is removable as a matter of right to the county in which the land is situate.

[1] The form of the action alleged in the complaint determines whether an action is local or transitory. *Thompson v. Horrell*, 272 N.C. 503, 158 S.E. 2d 633.

"The test is this: If the judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to land, the action is local and must be tried in the county where the land lies unless defendant waives the proper venue; otherwise, the action is transitory and must be tried in the county where one or more of the parties reside at the commencement of the action." *Thompson v. Horrell, supra.*

[2] Plaintiff's action is to recover monetary damages for breach of the contract; and to remove the notice of lien defendant has filed in Rowan County. An action to recover monetary damages for breach of a contract to construct a house is transitory and is not a local action within the meaning of G.S. 1-76 (1); plaintiff's purpose is not to recover real property, not to determine an estate or interest in land, and not to recover for damages to realty. *Thompson v. Horrell, supra.*

Defendants contend, however, that since plaintiffs also request the court to remove the notice if lien, this makes the action local and removable as a matter of right pursuant to G.S. 1-76 (1).

[3] It is well settled that a lien created by a docketed judgment does not confer an estate or interest in real estate within the meaning of G.S. 1-76, but merely the right to subject the realty to the payment of the judgment by sale of the same under execution. *Baruch v. Long*, 117 N.C. 509, 23 S.E. 447. This being so, mere notice of a claim of lien would not confer a greater right or interest in the real estate than a docketed judgment and would not bring this action within the purview of G.S. 1-76 (1).

[2] "Title to realty must be directly affected by the judgment, in order to render the action local, and an action is not necessarily local because it incidentally involves the title to land or a right or interest therein, . . . It is the principal object involved in the action which determines the question, and if title is principally involved or if the judgment or decree operates directly and primarily on the estate or title, and not alone *in personam*

against the parties, the action will be held local." *Rose's Stores v. Tarrytown Center,* 270 N.C. 201, 154 S.E. 2d 320. The principal object involved in the present action is monetary damages. Plaintiffs do not seek a judgment that would affect an interest in land, but seek a judgment *in personam.* It is not, therefore, a local action within the meaning of G.S. 1-76(1), and defendants are not entitled to have the action removed to Rowan County as a matter of right.

Affirmed.

Morris and Graham, JJ., concur.