■ LAPIS ENTERPRISES, INC., et al., Appellants, v INTERNATIONAL BLIMPIE CORP. et al., Respondents. — In an action, *inter alia,* to recover damages for fraud and misrepresentation and to cancel a mortgage on real property, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered February 8, 1980, which (1) granted defendant New Jersey Bank, N. A.'s motion to dismiss the complaint as to it, on the basis of lack of jurisdiction, and (2) denied their cross motion for summary judgment as to the remaining defendants. Order modified by deleting therefrom the provision granting defendant New Jersey Bank, N. A.'s motion to dismiss the complaint as to it and substituting therefor a provision denying defendant New Jersey Bank, N. A.'s motion to dismiss the complaint on the basis of lack of jurisdiction. As so modified, order affirmed, without costs or disbursements. In this action, plaintiffs Daniel and Carol Lapidus seek, *inter alia,* to cancel a mortgage on their residence in Nassau County. Defendant New Jersey Bank, N. A., which holds the mortgage as assignee, is a national banking association whose principal place of business is Clifton, New Jersey. As provided in section 94 of title 12 of the United States Code, a suit against a national banking association in a State court may be had

only "in the county or city in which said association is located having jurisdiction in similar cases". Though this provision is one of venue, its application to actions against national banking associations in State courts is mandatory (*National Bank v Associates of Obstetrics,* 425 US 460; *Mercantile Nat. Bank v Langdeau,* 371 US 555). There being no question that defendant New Jersey Bank, N. A., is not located in Nassau County (see *Citizens & Southern Nat. Bank v Bougas,* 434 US 35), the only question presented is whether the instant action is local in nature so as to except the application of section 94 of title 12 of the United States Code (see *Casey v Adams,* 102 US 66). Since such determination is to be made in accordance with State law (see *Michigan Nat. Bank v Robertson,* 372 US 591), we accordingly find that this action, *inter alia,* to cancel a mortgage on real property, is local in nature (see CPLR 507). This result, moreover, should not change because other relief, which may be transitory in nature, is also sought (see *Sterling Commercial Corp. v Bradford,* 32 AD2d 952). Consequently, Nassau County is a proper county in which suit against defendant New Jersey Bank, N. A., may be had. As to plaintiffs' cross motion for summary judgment, there exist a substantial number of triable issues of fact. Damiani, J. P., Cohalan, Margett and Weinstein, JJ., concur.