■ WILLIAM F. COLE et al., Respondents, v SHIRLEY B. LAWAS, Individually and as Conservator of the Property of ERNEST F. LAWAS, Appellant. (Action No. 1.) ERNEST F. LAWAS et al., Appellants, v WILLIAM F. COLE et al., Respondents. (Action No. 2.) — Appeals (1) from an order of the Supreme Court at Special Term (Harvey, J.), entered February 18, 1983 in Warren County, which denied defendants' motion for a change of venue in action No. 1 from Warren County to Essex County, and (2) from an order of said court (Dier, J.), entered February 18, 1983 in Warren County, which, *inter alia,* consolidated action No. 2 with action No. 1 and laid venue in Warren County. This litigation arises out of a contract for the sale of a motel in the Town of Jay, Essex County, entered into between Ernest and Shirley Lawas, as owners-sellers, and William and Marion Cole, as purchasers, on June 24, 1981. The agreement of sale was signed by Shirley Lawas, individually and as attorney in fact for Ernest F. Lawas, her husband, based upon a general power of attorney dated December 16, 1976. The contract contained a clause requiring that an affidavit from a licensed physician of this State be furnished prior to closing stating that Ernest Lawas had the mental capacity to contract, or suitable proof showing that a committee had been appointed for Ernest Lawas to represent him as an incompetent. The Coles entered into possession of the property and made monthly payments through December of 1981. In March, 1982, the Coles vacated the premises and tendered the keys to Shirley Lawas, who refused to accept them. The closing was never held. On March 31, 1982, Shirley Lawas was appointed conservator of the property of her husband. The petition for appointment stated that Ernest Lawas had been institutionalized in a Veterans Administration Hospital since November 1, 1976. In May of 1982, the Lawases commenced action No. 2 in Essex County alleging nonpayment of the monthly payments from January through May of 1982. On September 14, 1982, the Coles commenced action No. 1 in Warren County against Shirley Lawas, individually and as conservator of her husband, seeking rescission of the contract of sale, a declaration of the rights of the parties, and enforcement of a vendee's lien. In her answer, Shirley Lawas demanded a change of venue to Essex County. In an affirmative defense of lack of jurisdiction over Ernest Lawas, she alleged she was served with only one copy of the summons and complaint and that her husband was not served at all. She subsequently moved for such change of venue on the ground that the action affected the title to real property in Essex County, that the court would be less inclined to permit a jury

to view the premises located outside the county and that a majority of material witnesses were located in Essex County. This motion was denied at Special Term (Harvey, J.) on November 10, 1982. Subsequently, the two actions were consolidated in Warren County upon the order of Special Term (Dier, J.). In ruling on discovery motions, Special Term also prohibited any examination before trial of Ernest Lawas, granted a release of his hospital records (finding Ernest Lawas' competence in issue), ordered other disclosure by the Lawases, and found personal jurisdiction over Ernest Lawas. The Lawases have appealed both orders of Special Term. There should be an affirmance of the orders appealed. Concerning the motion of Shirley Lawas, brought in Warren County for a change of venue as of right under CPLR 510 (subd 1) and, in the alternative, in the court's discretion under CPLR 510 (subd 3), Essex County would appear to be the proper county since an action to rescind a land sale contract is deemed a local action (Siegel, NY Prac, § 121, p 150). However, the Coles are also suing to have Shirley Lawas execute a discharge on the mortgage on the Coles' Warren County residence and such a suit is also considered local in nature (*Lapis Enterprises v International Blimpie Corp.*, 78 AD2d 898, 899). Warren County, therefore, is also a proper place for venue of action No. 1. Proper venue in either Essex or Warren County defeats this CPLR 510 (subd 1) motion for change of venue as of right. In the alternative (CPLR 510, subd 3), Shirley Lawas contends that the convenience of material witnesses and the ends of justice require that venue be moved to Essex County. The convenience of a party, his employees, and members of his family is excluded from consideration in determining this motion. Additionally, the convenience of witnesses residing outside the respective counties is not considered. Hence, the convenience of witnesses is not at issue here where the only possible witness falling outside these categories is a real estate broker. Shirley Lawas' contention that the jury would be denied a view of the premises if the venue is not changed is premature and speculative. A decision to permit a view of the premises is left to the discretion of the trial court (CPLR 4110-c). Thus, no abuse of discretion has been shown in placing venue in Warren County even though the action arose in Essex County. Special Term also did not abuse its discretion under CPLR 602 in designating the place of trial of the consolidated actions as Warren County. "[R]ough equality of factors in favor of both counties will not warrant a reversal of the trial court's exercise of discretion" (*Israel v Hirsh,* 81 AD2d 694, 695). In the case at bar, there is that "rough equality of factors" and, thus, no abuse of judicial discretion has been shown in the court's decision to fix venue for the consolidated actions in Warren County. Next, the Lawases argue that Special Term erroneously found that Ernest Lawas' competency was in issue in denying their motion for a protective order based on the physician-patient privilege. We disagree. By bringing action No. 2 to enforce the contract, the Lawases placed the mental condition of Ernest Lawas in controversy since his competency or lack thereof was specifically made a part of the sales contract. There was thus a waiver of the physician-patient privilege and the protective order was properly denied. Finally, we find no error in Special Term's curing of the defect in service on the conservator Shirley Lawas, *nunc pro tunc.* Recent case law has viewed such defective service as a defect in a condition precedent to suit, not a jurisdictional defect that cannot be cured by a court, *nunc pro tunc* (*Copeland v Salomon,* 56 NY2d 222). We view this defect in service as such a case. We have considered the Lawases' other contentions of error and find them unpersuasive. Orders affirmed, with costs. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.