McCRARY STONE SERVICE, INC. A NORTH CAROLINA CORPORATION v. JAMES ARVIL LYALLS AND BARBARA A. LYALLS

No. 8528SC264

(Filed 19 November 1985)

1. Venue § 5.1— interpretation of leasehold—no change of venue to county where land situated

   Where plaintiff sought a declaratory judgment as to whether it is obligated under a quarry lease to make rental payments for rock quarried from land adjacent to the leased premises, defendants were not entitled to a change of venue as a matter of right under G.S. 1-76 from the county of plaintiff's residence to the county in which the leased property is located since the declaration sought by plaintiffs will not directly affect the title to the land.

2. Venue § 9— complaint controls venue

   The form of action stated in the complaint controls venue, and the court cannot consider defendants' allegations in their counterclaim in determining venue.

ON certiorari to review order entered 4 January 1985 by *Lewis, Robert D., Judge*, in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 October 1985.

Plaintiff filed this action seeking declaratory relief as to its obligations under a quarry lease which provided that plaintiff would pay defendants "twelve cents . . . per ton for all rock, stone and gravel weighed, sold, and removed from the leased premises . . . ." After executing the lease plaintiff purchased land adjacent to defendants' and began removing rock therefrom which it processed on defendants' land. Plaintiff seeks a declaratory judgment that it is not required to pay defendants money under the lease for rock removed from its own land.

Defendants filed an answer and counterclaim alleging that plaintiff materially breached the lease in several respects, including failure to pay money for rock removed from plaintiff's land. They asked the court to order the lease terminated and enter a judgment for damages.

With their answer and counterclaim defendants filed a motion for change of venue from Buncombe County, the county of plaintiff's residence, to Ashe County, where the leased property is situated. The trial court denied this motion, and this Court allowed defendants' petition for a writ of certiorari to review that order.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Russell P. Brannon, for plaintiff appellee.*

*Roberts, Cogburn, McClure & Williams, by James W. Williams and Isaac N. Northup, Jr., for defendant appellants.*

WHICHARD, Judge.

[1] Defendants' sole contention is that the court erred in denying their motion for change of venue as a matter of right under N.C. Gen. Stat. 1-76. We disagree.

Since our Declaratory Judgment Act (N.C. Gen. Stat. 1-253 *et seq.*) contains no provisions regarding venue, the venue statutes and principles generally applicable to civil actions should govern venue of an action for declaratory relief. 22 Am. Jur. 2d, Declaratory Judgments Sec. 77 at 939. N.C. Gen. Stat. 1-76, in pertinent part, provides:

Actions for the following causes must be tried in the county in which the subject of the action, or some part

thereof, is situated, subject to the power of the court to change the place of trial in the cases provided by law:

(1) Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest . . . .

Unless defendant waives proper venue an action is local and must be tried in the county where the land lies "[i]f the judgment to which plaintiff would be entitled upon the allegations of the complaint will affect the title to land." *Thompson v. Horrell*, 272 N.C. 503, 504-05, 158 S.E. 2d 633, 634 (1968).

Title to realty must be directly affected by the judgment, in order to render the action local, and an action is not necessarily local because it incidentally involves the title to land or a right or interest therein . . . . It is the principal object involved in the action which determines the question . . . .

*Rose's Stores v. Tarrytown Center*, 270 N.C. 201, 206, 154 S.E. 2d 320, 323 (1967), *quoting* 92 C.J.S., Venue, Sec. 26, at 723-24.

In *Rose's Stores* plaintiff, lessee of a store in lessor's shopping center, brought an action in the county of its residence to enjoin defendant lessor from erecting a building that plaintiff alleged would encroach upon parking area and driveway rights guaranteed plaintiff in the lease. Applying the above test, the Court held that the trial court properly denied defendant's motion to remove the action as a matter of right under N.C. Gen. Stat. 1-76 to the county in which the land was situated. The Court reasoned:

The judgment plaintiff seeks by its complaint would not alter the terms of the lease, nor would it require notice to third parties. The only result, should plaintiff prevail, would be the personal enforcement of rights granted under a contract of lease. This is a personal right and does not run with the land. Whatever the outcome of this action, the title to the land would not be affected. The defendants would still be owners, with their title unimpaired by this suit. The complaint sounds of breach of contract and not for "recovery of real property, or of an estate or interest therein, or for the determination of any form of such right or interest, and for injuries to real property."

*Id.*

Here the principal object of plaintiff's action, as formulated in its complaint, is a judicial declaration as to whether it is obligated to make rental payments for rock quarried from land adjacent to the leased premises. Such a declaration would not directly affect title to the land. As in *Rose's Stores*, defendants would retain unimpaired title and ownership. Plaintiff simply seeks an interpretation of its leasehold. "[A] controversy pertaining only to the interpretation of a leasehold does not, for venue purposes, involve the recovery of an interest in real property." 77 Am. Jur. 2d, Venue Sec. 14 at 851-52.

[2] By their counterclaim defendants seek termination of the leasehold entirely. This Court has held that an action for termination of a leasehold requires removal, under N.C. Gen. Stat. 1-76, to the county where the leased property is situated. *Sample v. Motor Co.*, 23 N.C. App. 742, 209 S.E. 2d 524 (1974). For purposes of determining venue, however, consideration is limited to the allegations in plaintiff's complaint. *See Blevens v. Lumber Co.*, 207 N.C. 144, 145, 176 S.E. 262, 262-63 (1934); *see also Thompson*, 272 N.C. at 504, 158 S.E. 2d at 634 ("The form of action alleged in the complaint determines whether a cause is local or transitory."). *See contra Sterling Commercial Corp. v. Bradford*, 32 A.D. 2d 952, 303 N.Y.S. 2d 757 (1969). In *Blevens* plaintiff sought damages for timber wrongfully cut and removed from lands in which she claimed an interest. In defendant's motion for removal to the county where the land was situated, defendant alleged that its answer would place plaintiff's title directly in issue. Applying the statutory predecessor to N.C. Gen. Stat. 1-76, the Court held that since the form of action stated in the complaint controls venue, it was precluded from considering defendant's allegation as to title when making its venue determination. Following *Blevens*, we cannot consider defendants' allegations in their counterclaim in our venue determination.

Accordingly, we hold that plaintiff properly brought this action in Buncombe County, the county of its residence, and the court properly denied defendants' motion for removal to Ashe County.

Affirmed.

Judges EAGLES and COZORT concur.