ROSE'S STORES, INC. v. BRADLEY LUMBER CO.

[105 N.C. App. 91 (1992)]

———————————

ROSE'S STORES, INC., PLAINTIFF v. BRADLEY LUMBER COMPANY, INC., DEFENDANT

No. 909SC1343

(Filed 7 January 1992)

**Venue § 7 (NCI3d) — action for sanctions and damages — transitory action — no removal as matter of right**

The trial court properly denied defendant's motion to remove this action as a matter of right from Vance County, the county of plaintiff's principal place of business, to McDowell County, the situs of certain commercial property formerly leased by plaintiff and the county of defendant's principal place of

business, since the gravamen of plaintiff's action was not the title to or interest in the commercial property, though a determination of the validity of the lease assignment and of the propriety of the notice of default and termination to the landlord was necessary to a resolution of plaintiff's claims, but was instead plaintiff's right to Rule 11 sanctions, attorney fees under N.C.G.S. § 6-21.5, and damages for unfair and deceptive trade practices. N.C.G.S. § 1-76(1).

**Am Jur 2d, Costs § 30; Monopolies, Restraints of Trade, and Unfair Trade Practices § 735; Venue § 82.**

APPEAL by defendant from order entered on or about 10 September 1990 by *Judge Henry W. Hight, Jr.*, in VANCE County Superior Court. Heard in the Court of Appeals 24 September 1991.

*Perry, Kittrell, Blackburn & Blackburn, by George T. Blackburn, II, and Charles F. Blackburn, for plaintiff-appellee.*

*Dameron and Burgin, by Anthony Lynch, for defendant-appellant.*

PARKER, Judge.

The sole issue on appeal is the trial court's denial of defendant's motion to remove this action from Vance County to McDowell County as a matter of right pursuant to N.C.G.S. § 1-76(1). McDowell County is the situs of certain commercial property formerly leased by plaintiff Rose's Stores, Inc. ("Rose's"). Rose's assigned that lease to defendant Bradley Lumber Company, Inc. ("Bradley"). McDowell is also the county in which defendant, but not plaintiff, has its principal place of business.

N.C.G.S. § 1-76 creates special, mandatory venue rules for certain actions, requiring trial "in the county in which the subject of the action . . . is situated," where the action involves:

Recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.

N.C.G.S. § 1-76(1) (1983). Defendant contends that this venue provision governs plaintiff's action. Plaintiff argues that this action does not affect "an estate or interest" in the McDowell County property. In plaintiff's view proper venue lies in Vance County, the county

of its principal place of business. N.C.G.S. § 1-79(2). We hold that the trial court correctly denied defendant's motion to remove as a matter of right.

In deciding whether plaintiff's action would affect title to or an interest in land for purposes of N.C.G.S. § 1-76(1), we determine the nature and purpose of plaintiff's action solely from the allegations in its complaint. *Rose's Stores v. Tarrytown Center*, 270 N.C. 201, 203, 154 S.E.2d 320, 321 (1967); *Pierce v. Associated Rest and Nursing Care, Inc.*, 90 N.C. App. 210, 368 S.E.2d 41 (1988). If the outcome of an action—whether plaintiff does or does not prevail on the particular claims asserted in its complaint—would not affect an interest in land, the action is not removable as a local action under N.C.G.S. § 1-76(1). *Rose's Stores*, 270 N.C. at 205, 154 S.E.2d at 324; *see also Eames v. Armstrong*, 136 N.C. 392, 393-94, 48 S.E. 769, 770 (1904).

According to the allegations in plaintiff's complaint, defendant Bradley filed an action against plaintiff in McDowell County, alleging Rose's liability for (i) assigning its lease of the McDowell County property to Bradley by fraud or misrepresentation and (ii) violating the terms of the assignment by terminating the lease without Bradley's consent. Bradley took a voluntary dismissal of that action in 1990. The present action was filed by Rose's as the result of Bradley's previous action. The leasehold property in McDowell County is owned by National Community Centers, I ("NCCI"), which is not a party in the present action.

Plaintiff's complaint avers four causes of action: (i) in violation of Rule 11 of the North Carolina Rules of Civil Procedure, defendant instituted the 1988 action against plaintiff to coerce plaintiff into paying an increased rent to defendant under a lease not related to these civil actions; (ii) defendant's institution of litigation for the improper purpose of harassment makes plaintiff eligible for attorney's fees pursuant to N.C.G.S. § 6-21.5; (iii) defendant's conduct constitutes unfair and deceptive trade practices, rendering defendant subject to treble damages under N.C.G.S. § 75-1.1; and (iv) plaintiff is entitled to a declaratory judgment that its assignment of lease to defendant was valid and non-fraudulent and the notice of default and termination to NCCI was given with defendant's consent. The complaint contains five prayers for relief: (i) damages in excess of ten thousand dollars, (ii) costs, (iii) reasonable attorney's fees, (iv) trebling of any damage award and (v) a

ROSE'S STORES, INC. v. BRADLEY LUMBER CO.

[105 N.C. App. 91 (1992)]

declaratory judgment that plaintiff committed no tort in assigning the lease to defendant and that plaintiff breached no contract with defendant by sending written notice to NCCI of NCCI's default in not repairing the leased premises.

On the face of plaintiff's complaint, then, there is no allegation or prayer for enforcement of the parties' rights or interest in real property. The gravamen of plaintiff's action is not the title to or interest in the commercial property. Rather, plaintiff's complaint essentially challenges defendant's motives for filing its 1988 action against plaintiff and raises the issue of defendant's liability under N.C.G.S. § 1A-1, Rule 11, N.C.G.S. § 6-21.5 and N.C.G.S. § 75-1.1. A determination of the validity of the lease assignment and of the propriety of the notice of default and termination to the landlord is necessary to resolution of these alleged statutory violations and entitlements. As stated in *Rose's Stores*:

> "[A]n action is not necessarily local because it incidentally involves the title to land or a right or interest therein . . . . It is the principal object involved in the action which determines the question . . . ."

*Rose's Stores*, 270 N.C. at 206, 154 S.E.2d at 323 (citation omitted).

The allegations and prayers for relief in the case under review plainly distinguish this action from the cases argued by defendant on appeal. *Gurganus v. Hedgepeth*, 46 N.C. App. 831, 265 S.E.2d 922 (1980) (action involved termination of leasehold interest and, therefore, venue was governed by N.C.G.S. § 1-76(1)); *see also Sample v. Towe Motor Company, Inc.*, 23 N.C. App. 742, 209 S.E.2d 524 (1974). Under existing case law *in personam* actions, such as plaintiff's action for Rule 11 sanctions and damages under N.C.G.S. § 75-1.1, are transitory rather than local and, therefore, not subject to the special venue rule urged by defendant in this case. *McCrary Stone Service v. Lyalls*, 77 N.C. App. 796, 336 S.E.2d 103 (1985), *disc. rev. denied*, 315 N.C. 588, 341 S.E.2d 26 (1986); *Wise v. Isenhour*, 9 N.C. App. 237, 175 S.E.2d 772 (1970); *Mortgage Corp. v. Development Corp.*, 2 N.C. App. 138, 162 S.E.2d 623 (1968).

For these reasons, we affirm.

Affirmed.

Judges WELLS and WYNN concur.