M & J Leasing Corp. v. Habegger

---

M & J LEASING CORPORATION v. LARRY F. HABEGGER

No. 8423SC1361

(Filed 1 October 1985)

**Venue § 5— recovery of sums due under equipment lease—recovery and sale of equipment—change of venue not required**

> Where the lessor of farm equipment sought to recover rentals due under the lease agreement and to recover the equipment in order to sell it and apply the proceeds against the sum due, the trial court was not required by G.S. 1-76.1 to transfer the case to the county in which defendant lessee resides since the personal property has not yet been sold and the action is not "to recover a deficiency which remains owing on a debt"; nor was the trial court required by G.S. 1-76(4) to transfer the case to the county where the leased equipment is located since the primary relief sought is the recovery of the money owed, and possession of the leased equipment is sought only as an ancillary remedy.

APPEAL by defendant from *Rousseau, Judge.* Order entered 10 September 1984 in Superior Court, WILKES County. Heard in the Court of Appeals 22 August 1985.

In August 1983 plaintiff, a North Carolina corporation whose principal office is in Wilkes County, leased an irrigation system and other farm machinery and equipment to defendant, a Davie County resident, for a term ending in April 1986. Under the terms of the leases defendant agreed to make periodic payments for the use of the articles and had the option to purchase them at the end of the term at their fair market value; and upon defendant's default plaintiff had the right to recover the rents then due and thereafter accruing, take possession of and sell the articles, and apply the proceeds against the total sum owed. In June 1984 plaintiff filed this action in Wilkes County District Court, alleging that defendant then owed plaintiff $38,555.66 in past due rentals and was obligated under the leases to pay plaintiff $83,225.63 altogether; it was also alleged that plaintiff was entitled to obtain the articles by claim and delivery and sell them in reduction of defendant's indebtedness. Pursuant to defendant's motion, the case was transferred to the Superior Court Division because of the amount in controversy; but his motion to change the venue to Davie County was denied, and defendant appealed therefrom.

*Moore & Willardson, by John S. Willardson, for plaintiff appellee.*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown, by Herman L. Stephens, for defendant appellant.*

PHILLIPS, Judge.

Defendant contends that under the terms of both G.S. 1-76.1 and G.S. 1-76(4) the trial court was required to transfer this case to Davie County, where he resides and the leased articles are situated. We disagree and affirm the judgment appealed from.

Subject to the power of the court to change the place of trial as provided by law, G.S. 1-76.1 provides that:

[A]ctions to recover a *deficiency, which remains* owing on a debt *after* secured personal property *has been sold* to partially satisfy the debt, must be brought in the county in which the debtor or debtor's agent resides or in the county where the loan was negotiated. (Emphasis added.)

M & J Leasing Corp. v. Habegger

This statute has no application to this case because the personal property involved has not yet been sold and the action is not "to recover a deficiency which remains owing on a debt."

Subject to the power of the court to change the place of trial as the law authorizes, G.S. 1-76(4) provides that actions for the recovery of personal property must be tried in the county in which the subject of the action or some part thereof is situated "*when the recovery of the property itself is the sole or primary relief demanded.*" (Emphasis supplied.) This statute does not govern the case either because the recovery of the leased property is not "the sole or primary relief demanded." The primary relief sought in this case is the recovery of the money owed; the possession of the leased equipment through claim and delivery is sought only as an ancillary remedy.

Affirmed.

Judges WELLS and WHICHARD concur.