CENTURA BANK, Plaintiff v. LEROY B. MILLER; TERRY LEE BROWN, Individually and d/b/a ACTION AUTO SALES, INC.; GLORIA R. BROWN; AUTO QUIK, INC.; ROBERT R. KING, Individually and d/b/a D&B EQUIPMENT CO., d/b/a D&B EQUIPMENT CO., INC., d/b/a D&B EQUIPMENT COMPANY, d/b/a D&B EQUIPMENT, d/b/a D&B EQUIPMENT SALES, and d/b/a D&B EQUIPMENT SALES CO., INC.; LANDMARK LEASING, INC. f/k/a D&B EQUIPMENT SALES, INC.; and D&B EQUIPMENT SALES, INC. Defendants

No. COA99-279

(Filed 5 July 2000)

**1. Venue— fraudulent automobile leases—primary purpose of complaint—recovery of money damages**

The trial court did not err by denying defendant Miller's motion for a change of venue in an action arising from an alleged fraudulent automobile lease scheme where defendant contends that plaintiff's action is primarily to recover personal property and must be tried in the county where two of the three vehicles are located, but the primary purpose of the complaint is to recover money damages, with surrender of personal property ancillary to that purpose. N.C.G.S. § 1-76(4) did not apply.

**2. Venue— fraudulent automobile leases—leased property not sold—not an action to recover a deficiency**

The trial court did not err by denying defendant Miller's motion for a change of venue in an action arising from an alleged fraudulent automobile lease scheme where defendant contended that the action was to recover a deficiency owed on a debt, but the leased property had not been sold. N.C.G.S. § 1-76.1 did not apply.

**3. Venue— fraudulent automobile leases—place of business versus principal office**

The trial court did not err by denying defendant Miller's motion for a change of venue in an action arising from an alleged fraudulent automobile lease scheme where defendant contended that Guilford County is an improper forum because plaintiff's principal office is in Nash County, although it maintains a place of business in Guilford County. Had the drafters of N.C.G.S. § 1-79(a) intended that a corporation reside either in the county where its principal office is located or where it maintains a place of business, but not both, they would have used language clarifying that "place of business" applies only if no reg-

istered or principal office is in existence, as they did in another subsection.

## 4. Venue— fraudulent automobile leases—convenience of witnesses

There was no abuse of discretion in the trial court's denial of defendant Miller's motion for a change of venue in an action arising from alleged fraudulent automobile lease scheme where defendant contended that the motion should have been granted for the convenience of witnesses and to promote the ends of justice. The original county is an appropriate venue in which to bring the action and it cannot be said that the court's decision not to transfer venue to Durham County was unreasoned.

Appeal by defendant Leroy B. Miller from order entered 15 December 1998 by Judge Julius A. Rousseau, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 7 December 1999.

*Adams Kleemeier Hagan Hannah & Fouts, A Professional Limited Liability Company, by J. Alexander S. Barrett and D. Beth Langley, for plaintiff-appellee.*

*Glenn, Mills & Fisher, P.A., by Robert B. Glenn, Jr. and Caitlyn T. Fulghum, for defendant-appellant Leroy B. Miller.*

TIMMONS-GOODSON, Judge.

Plaintiff, Centura Bank, filed a complaint against defendants, Leroy B. Miller (hereinafter, "Miller"), Terry Lee Brown, Gloria R. Brown, Auto Quik, Inc., Robert B. King, D&B Equipment, Inc., and Landmark Leasing, Inc., alleging claims for conspiracy, breach of contract, breach of promissory note, breach of duty of loyalty and due care, fraud, negligent misrepresentation, unfair and deceptive trade practices, and violations of the Racketeer Influence Corrupt Organizations Act of North Carolina. On 19 October 1998, Miller filed an answer and motion to dismiss plaintiff's action for improper venue. Additionally, Miller moved to transfer venue from Guilford County to Durham County as a matter of right or, alternatively, for the convenience of the witnesses and to promote the ends of justice. The trial court denied the motions by order entered 15 December 1998. Miller appeals and petitions this Court for writ of certiorari.

The question presented on appeal is whether Guilford County is the appropriate venue in which to hear plaintiff's cause of action

against defendants. Miller contends that the trial court erred in denying his motion to dismiss, because our venue statutes require that plaintiff's claims be brought in some forum other than Guilford County. As a related matter, Miller argues that the court erred in denying his motion for change of venue as a matter of right. We address these arguments simultaneously.

Initially, we note that although interlocutory, an order denying a motion to dismiss for improper venue is immediately appealable. *McClure Estimating Co. v. H.G. Reynolds Co., Inc.*, 136 N.C. App. 176, 523 S.E.2d 144 (1999). We further note that direct appeal lies from the denial of a motion for change of venue as a matter of right. *Snow v. Yates*, 99 N.C. App. 317, 392 S.E.2d 767 (1990). Therefore, the issues raised by the present appeal are properly before us.

Miller contends that plaintiff's action is primarily to recover personal property, i.e., three automobiles leased to Miller; therefore, under section 1-76 of the General Statutes, the action must be tried in Durham County, where two of the vehicles are located. We cannot agree.

[1] When an action is brought in an improper forum, the trial court must, upon motion of a party, remove the action to an appropriate venue. *Travelers Indemnity Co. v. Marshburn*, 91 N.C. App. 271, 371 S.E.2d 310 (1988). Section 1-76 of the North Carolina General Statutes dictates that certain causes of action "be tried in the county in which the subject of the action, or some part thereof, is situated." N.C. Gen. Stat. § 1-76 (1999). Such actions include those for "[r]ecovery of personal property when the recovery of the property itself is the sole or primary relief demanded." N.C.G.S. § 1-76(4). In determining whether an action is one governed by section 1-76, the court must look to the allegations of the complaint and the principal object of the action. *McCrary Stone Service v. Lyalls*, 77 N.C. App. 796, 799, 336 S.E.2d 103, 105 (1985).

Plaintiff's complaint asserts fifteen claims arising out of an alleged scheme whereby defendants negotiated a series of fraudulent lease agreements. The complaint states that Miller, a former leasing officer for plaintiff, and the other named defendants obtained money and property at plaintiff's expense by misrepresenting the existence, title, or value of the leased property. Plaintiff, therefore, seeks to recover a judgment against defendants for the damages it sustained as a result of the alleged conspiracy. It is true that plaintiff's prayer for relief includes a request for "an Order that Defendants immedi-

ately surrender any an all property held pursuant to any lease, promissory note or deed of trust between Defendants and Centura." However, this relief is ancillary to the primary purpose of the complaint, which is to recover monetary damages. Therefore, we hold that section 1-76(4) does not apply to plaintiff's action. Miller's contrary argument fails.

[2] Miller argues, in the alternative, that plaintiff's action is essentially to recover a deficiency owed on a debt and, as such, falls within the mandate of section 1-76.1 of our General Statutes. Under section 1-76.1, "actions to recover a *deficiency, which remains owing on a debt after secured personal property has been sold* to partially satisfy the debt, must be brought in the county in which the debtor . . . resides or in the county where the loan was negotiated." N.C. Gen. Stat. § 1-76.1 (1999) (emphasis added). The leased property involved in the instant case, however, has not yet been sold; therefore, section 1-76.1 does not apply. *See M & J Leasing Corp. v. Habegger*, 77 N.C. App. 235, 237, 334 S.E.2d 804, 805 (1985) (finding section 1-76.1 inapplicable, "because the personal property involved ha[d] not yet been sold and the action [was] not 'to recover a deficiency which remain[ed] owing on a debt.' ") This argument also fails.

[3] Next, Miller contends that Guilford County is an improper forum in which to hear plaintiff's action, because none of the parties to the lawsuit reside there. Again, we must disagree.

Our residual venue provision, section 1-82 of the General Statutes, states that "[i]n all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." N.C. Gen. Stat. § 1-82 (1999). Section 1-79 of our General Statutes provides that for the purpose of litigation, the residence of a domestic corporation is as follows:

(1) Where the registered or principal office of the corporation . . . is located, or

(2) Where the corporation . . . maintains a place of business, or

(3) If no registered or principal office is in existence, and no place of business is currently maintained or can reasonably be found, the term "residence" shall include any place where the corporation . . . is regularly engaged in carrying on business.

N.C. Gen. Stat. § 1-79(a) (1999).

In the instant case, plaintiff maintains a place of business in Guilford County, but its principal office is in Nash County. Miller contends that under section 1-79, plaintiff resides in Nash County and that for purposes of filing suit and being sued, a domestic corporation has only one residence. According to Miller, the legislature's use of the word "or," as opposed to the word "and," to connect subsections (1) and (2) suggests that "a corporation resides either in the county where its principal office is located, or where it maintains a place of business, but not both." However, had the drafters intended such a result, they would have used language, as they did in subsection (3), clarifying that subsection (2) applies only "[i]f no registered or principal office is in existence." *See id.* Therefore, we reject Miller's construction of the statute and hold that plaintiff comes within the provisions of section 1-79(a)(2) and is a resident of Guilford County. Since Guilford County is a proper venue for plaintiff's action, the trial court did not err by denying Miller motions to dismiss for improper venue and to transfer venue as a matter of right.

**[4]** In addition to his appeal, Miller petitions this Court for writ of certiorari to review the court's ruling as to the discretionary basis upon which Miller seeks transfer of venue. In the interests of judicial economy and the expeditious administration of justice, *see Houpe v. City of Statesville*, 128 N.C. App. 334, 340, 497 S.E.2d 82, 87 (recognizing elective of this Court to review interlocutory decision when to do so would be "in the interests of judicial economy" or the expeditious administration of justice), *disc. review denied*, 348 N.C. 72, 505 S.E.2d 871 (1998), we grant certiorari and consider Miller's final argument. Miller contends that the trial court abused its discretion by denying his motion to transfer venue to Durham County for convenience of witnesses and to promote the ends of justice. We disagree.

Section 1-83(2) of the General Statutes provides that "[t]he court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change." N.C. Gen. Stat. § 1-83(2) (1999). Whether to transfer venue for this reason, however, is a matter firmly within the discretion of the trial court and will not be overturned unless the court manifestly abused that discretion. *Roanoke Properties v. Spruill Oil Co.*, 110 N.C. App. 443, 429 S.E.2d 752 (1993). "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.' " *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997), *disc. review denied*, 347

N.C. 670, 500 S.E.2d 84 (1998) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

Here, we find no gross improprieties indicating that the court abused its discretion. We have said that Guilford County is an appropriate venue in which to bring plaintiff's action. Thus, we cannot conclude that the court's decision not to transfer venue to Durham County was an unreasoned one, and Miller's argument to the contrary fails.

For the foregoing reasons, the order denying Miller's motion to dismiss and the motions to transfer venue as a matter of right or, alternatively, for the convenience of witnesses is affirmed.

Affirmed.

Judges GREENE and WALKER concur.