CONSECO FINANCE SERVICING CORPORATION v. DEPENDABLE HOUSING, INC. D/B/A WESTWOOD HOMES AND D/B/A OAKCREEK VILLAGE, RELIABLE HOUSING, INC. AND RICHARD M. PEARMAN, JR.

No. COA01-870

(Filed 7 May 2002)

**1. Appeal and Error— appealability—motion for change of venue**

An appeal from a ruling on a motion for change of venue as a matter of right was not premature.

**2. Venue— sale of collateral—no deficiency at time of sale**

The trial court did not err in an action arising from the sale of collateral by denying defendants' motion for a change of venue from Wake County to Guilford County where defendant Dependable Housing (DHI) was located in Person County, defendant Reliable Housing (RHI) was located in Vance County, defendant Pearman was located in Guilford County and signed all the paperwork in his Guilford County office, and plaintiff maintained an office in Wake County. Although N.C.G.S. § 1-76.1 requires that an action on a deficiency must be brought in the county in which the debtor resides, the inventory had not been sold when this complaint was filed and there was no deficiency claim.

**3. Contracts— site of negotiation—evidence**

The trial court did not err in an action arising from a guaranty and the sale of collateral by finding that the contracts were negotiated in part in Wake County where defendants supplied affidavits stating that no negotiations had been made in Wake County and plaintiff did not directly contradict that statement, but there

CONSECO FIN. SERVICING CORP. v. DEPENDABLE HOUSING, INC.

[150 N.C. App. 168 (2002)]

was evidence that some of the contracts were approved in Raleigh. The trial court did not have to accept defendants' affidavits as true and could have considered the approval process as an integral part of the negotiation.

**4. Judgments— out of session—objection—not specific**

There was no valid objection to entry of an order denying a change of venue out of session where defendants objected to the contents of the order, but not to its entry.

Appeal by defendants from judgment entered 10 April 2001 by Judge David Q. LaBarre in Wake County Superior Court. Heard in the Court of Appeals 28 March 2002.

*Smith, Debnam, Narron, Wyche, Story & Myers, LLP, by Byron L. Saintsing and Connie E. Carrigan for plaintiff-appellee.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by Jessica M. Marlies for defendants-appellants.*

THOMAS, Judge.

Defendants appeal from an order denying their motion to transfer venue. Among the four assignments of error put forth, defendants argue the trial court was required to transfer venue because plaintiff's complaint, based on breach of contract, was in reality a request for a deficiency judgment. We affirm the trial court for the reasons discussed herein.

The facts are as follows: Defendant Richard Pearman, Jr. (Pearman) entered into an agreement with plaintiff, Conseco Finance Servicing Corporation (Conseco), on behalf of defendant Dependable Housing, Inc. (DHI). The agreement was a guaranty for DHI's debt. Defendant Reliable Housing, Inc. (RHI) also executed a similar guaranty agreement for DHI. Both DHI and RHI were owned and operated by Pearman and were in the business of selling mobile homes. All three agreements were executed at Pearman's Guilford County office. Conseco is incorporated in Delaware, has a main office address of Alpharetta, Georgia, and maintains an office in Wake County, North Carolina. Conseco, formerly Green Tree Financial Servicing Corporation, is in the business of providing inventory financing and other housing-related loans.

In 1998, DHI experienced serious financial problems. It defaulted on the agreement with Conseco, ceased doing business, and closed its

manufactured home lot in Person County, North Carolina. On 19 April 1999, DHI offered to surrender the collateral (manufactured homes) securing the debt to Conseco, but there was continuing disagreement as to a release form which delayed the retrieval.

Claiming the collateral still had not been properly returned, Conseco filed a complaint on 22 February 2000 for breach of contract, personal guaranty, and possession of inventory. In the complaint, Conseco demanded an order of claim and delivery and that it recover from defendants possession of the collateral inventory, $208,699.41 plus interest in outstanding payments, $31,304.91 in attorney fees, applicable finance and late charges, and costs.

The complaint was filed in Wake County. While Conseco maintains an office in Wake County, defendants do not. Their answer and counterclaims included a motion for change of venue, alleging that plaintiff: (1) asserted false allegations in its complaint, with knowledge of their falsity; (2) deliberately allowed the collateral, after default, to remain on unguarded lots thus reducing its value; (3) after electing performance rather than guaranty, seized monies belonging to RHI because of DHI's breach, resulting in RHI's being put out of business; (4) engaged in unfair and deceptive trade practices; (5) has so dissipated the collateral as to render the guaranties unenforceable; and (6) acted in bad faith.

Defendants' motion for change of venue pursuant to N.C. Gen. Stat. §§ 1-76.1 and 1-83 was denied by the trial court. They appeal.

[1] Before we consider defendants' arguments, we note the trial court's order would not normally be immediately appealable because it would be considered interlocutory. *State ex rel. Employment Security Commission v. IATSE Local 574*, 114 N.C. App. 662, 663, 442 S.E.2d 339, 340 (1994). A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). However, an appeal from a ruling on a motion for change of venue as a matter of right is not premature. *See Klass v. Hayes*, 29 N.C. App. 658, 660, 225 S.E.2d 612, 614 (1976).

[2] By defendants' first and second assignments of error, they argue the trial court erred in denying their motion for change of venue from Wake County to Guilford County, pursuant to N.C. Gen. Stat. §§ 1-76.1 and 1-83(1). We disagree.

Venue is governed by sections 1-76 to 1-87 of the North Carolina General Statutes. Section 1-76.1 provides:

> Subject to the power of the court to change the place of trial as provided by law, actions to recover a deficiency, which remains owing on a debt after secured personal property has been sold to partially satisfy the debt, must be brought in the county in which the debtor or debtor's agent resides or in the county where the loan was negotiated.

N.C. Gen. Stat. § 1-76.1 (1999).

In the instant case, DHI and RHI are located in Person County and Vance County, respectively. Pearman resides in Guilford County and signed all of the paperwork in his Guilford County office.

Conseco argues section 1-76.1 is inapplicable because its claim is not for a deficiency balance, but rather for recovery of a debt. Defendants contend section 1-76.1 is applicable because by the time of the *hearing*, Conseco had both retrieved and sold the collateral.

This Court has held that the trial court may consider only the plaintiff's pleadings, holding that "[f]or purposes of determining venue . . . consideration is limited to the allegations in plaintiff's complaint" regarding the form of the action alleged. *McCrary Stone Service, Inc. v. Lyalls*, 77 N.C. App. 796, 799, 336 S.E.2d 103, 105 (1985), *rev. denied*, 315 N.C. 588, 341 S.E.2d 26 (1986). The *McCrary* court stated that the focus should be on the "principal object" sought by the plaintiff. *Id.* (Citing *Rose's Stores v. Tarrytown Center*, 270 N.C. 201, 154 S.E.2d 320 (1967)). In the instant case, plaintiff brought actions for breach of contract, personal guaranty, and possession of inventory.

Section 1-76.1 frames the action brought as an action "to recover a *deficiency*, which remains owing on a debt *after* secured personal property has been sold to partially satisfy the debt[.]" N.C. Gen. Stat. § 1-76.1 (emphasis added). This Court has strictly construed section 1-76.1, emphasizing the framing of the action. *See M & J Leasing Corp. v. Habegger*, 77 N.C. App. 235, 334 S.E.2d 804 (1985). In *M & J*, a venue change was denied under section 1-76.1 because a sale of personal property had not yet been held. The *M & J* court held that "[Section 1-76.1] has no application to this case because the personal property involved has not yet been sold and the action is not 'to recover a deficiency which remains owing on a debt.' " *Id.* at 237, 334 S.E.2d at 805.

Here, at the time of the filing of the complaint, the inventory had not yet been sold and there was no claim for the recovery of a deficiency balance. Conseco's action is to recover collateral and monies owed on a debt. Therefore, under section 1-76.1, venue in Wake County is not improper.

The only argument put forward by defendants to support their change of venue motion under section 1-83(1) is that venue is improper because of section 1-76.1. Consequently, because we have already held venue not to be improper because of section 1-76.1, we must also reject this contention by defendants. Section 1-83(1), provides: "The court may change the place of trial in the following cases: (1) When the county designated for that purpose is not the proper one." N.C. Gen. Stat. § 1-83(1) (1999). *See also Miller v. Miller*, 38 N.C. App. 95, 247 S.E.2d 278 (1978) (where this Court construed the "may change" language in section 1-83(1) to mean "must change."). Additionally, there was evidence that retail contracts were negotiated in Wake County (*see* assignment of error three, *infra*), with plaintiff maintaining an office in Wake County.

The issue before us is not one where the trial court found that a party fraudulently framed the question in its pleading in order to avoid a change of venue.

[3] By defendants' third assignment of error, they argue the trial court erred in finding that the contracts were negotiated, in part, in Wake County. We disagree.

"The trial court in ruling upon a motion for change of venue is entirely free to either believe or disbelieve affidavits . . . without regard to whether they have been controverted by evidence introduced by the opposing party." *Godley Constr. Co., Inc. v. McDaniel*, 40 N.C. App. 605, 608, 253 S.E.2d 359, 361 (1979). Here, defendants supplied affidavits to the trial court stating that no negotiations had been made in Wake County at any time. Conseco did not directly contradict that statement, although there was evidence that some of defendants' retail contracts were sent to Conseco's Raleigh office for approval. However, the trial court did not have to accept defendants' affidavits as true and reasonably could have considered the approval process an integral part of any negotiation. The trial court did not err and we reject defendants' argument.

[4] By defendants' fourth assignment of error, they argue the trial court improperly denied their motion to change venue because the

**CONSECO FIN. SERVICING CORP. v. DEPENDABLE HOUSING, INC.**

[150 N.C. App. 168 (2002)]

order contains findings that were not made by the court while in session. We disagree.

The North Carolina Rules of Civil Procedure provide, in pertinent part:

> [A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. . . . Consent for the signing and entry of a judgment out of term, session, county, and district shall be deemed to have been given unless an express objection to such action was made on the record prior to the end of the term or session at which the matter was heard.

N.C. Gen. Stat. § 1A-1, Rule 58 (1999). Defendants contend they objected in a letter addressed to Judge David Q. LaBarre, the presiding judge, where they stated: "We are writing to object to the proposed Order denying Defendant Richard M. Pearman, Jr.'s Motion to Transfer Venue which counsel for Conseco intends to submit to you." In the letter, defendants asked that the proposed order not include the language:

> And it appearing to the Court that the contracts at issue in this proceeding were negotiated, in part, in Wake County and that the Plaintiff maintains an office and place of business in Wake County and that the Defendants' motion should therefore be denied, and that this Order may be entered out of term[.]

The trial court rejected defendants' objection and included the section.

We find the objection lodged in defendants' letter not specific enough to comply with Rule 58, which provides that the objection must be to the action of signing the judgment out of session. Here, defendants appear to be objecting to the *contents* of the order, not its entry out of session. Therefore, since no valid objection to the out of session entry of judgment was expressly given, we reject defendants' argument.

AFFIRMED.

Judges MARTIN and TYSON concur.