NO. COA13-1471

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

WALLACE SCOTT KIKER,
    Plaintiff,

    v.                                    Harnett County
                                          No. 13 CVS 162
CEDRIC JELANI WINFIELD,
    Defendant.


Appeal by defendant from order entered 18 November 2013 by
Judge James M. Webb in Harnett County Superior Court.  Heard in
the Court of Appeals 22 April 2014.

> *Bain, Buzzard & McRae, LLP, by Robert A. Buzzard, for
> plaintiff-appellee.*
>
> *Robert E. Ruegger for defendant-appellant.*


STEELMAN, Judge.


Where there was no evidence in the record that plaintiff
was a resident of Harnett County at the time of the filing of
this action, the trial court erred in denying defendant's motion
for change of venue.

## I. Factual and Procedural Background

On 29 March 2010, Wallace Scott Kiker (plaintiff) was a
passenger in a motor vehicle operated by Cedric Jelani Winfield
(defendant) in Union County, North Carolina.  According to

plaintiff's complaint, defendant was negligent in causing a single vehicle collision, which resulted in personal injury to plaintiff. On 31 January 2013, plaintiff filed this action, seeking monetary damages and attorney's fees. On 12 August 2013, defendant filed an answer and motion for change of venue pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure, and N.C. Gen. Stat. §§ 1-82 and 1-83. Defendant contended that he was a citizen of Union County, and that plaintiff was incarcerated in a prison located in Spruce Pine. Defendant asserted that since neither party resided in Harnett County, that venue in Harnett County was improper, and that the case had to be transferred from Harnett County. Defendant also moved that the case be transferred from the district court division to the superior court division, based upon plaintiff's prayer for monetary relief.

Plaintiff served verified responses to defendant's First Set of Interrogatories. Plaintiff was asked to list his present address, along with each address where he had lived for the last five years. Four of the five addresses listed were in Monroe, in Union County, and the fifth was the Mountain View Correctional Institution in Spruce Pine. None of these addresses were in Harnett County.

On 18 November 2013, the trial court granted defendant's motion to transfer this action from district court to superior court. The trial court denied, without prejudice, defendant's motion for a change of venue from Harnett County.

From the order denying his motion for change of venue, defendant appeals.

## II. Standard of Review

"The general rule in North Carolina, as elsewhere, is that where a demand for removal for improper venue is timely and proper, the trial court has no discretion as to removal. The provision in N.C.G.S. § 1-83 that the court 'may change' the place of trial when the county designated is not the proper one has been interpreted to mean 'must change.'" *Miller v. Miller*, 38 N.C. App. 95, 97, 247 S.E.2d 278, 279 (1978) (citations omitted).

## III. Analysis

Defendant contends that the trial court erred in denying his motion for change of venue. We agree.

N.C. Gen. Stat. § 1-82 provides that, in cases such as this:

> the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the

> State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in the plaintiff's summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute[.]

N.C. Gen. Stat. § 1-82 (2013). N.C. Gen. Stat. § 1-83 further clarifies that, upon the timely motion of defendant, the trial court may transfer venue where it is improper. *See* N.C. Gen. Stat. § 1-83 (2013). We have held that this change of venue is not discretionary, but rather is mandatory. *Miller*, 38 N.C. App. at 97, 247 S.E.2d at 279. Where venue is improper, the trial court must grant a motion for change of venue.[1]

In the instant case, the only evidence in the record that would suggest that either party was a resident of Harnett County was plaintiff's allegation in his complaint that he was a citizen and resident of Harnett County. The complaint in this action was not verified. We have previously held that "[a]n unverified complaint is not an affidavit or other evidence."

---

[1] We distinguish this motion for change of venue, based upon the residency of the parties, from a discretionary motion for change of venue, based upon the convenience of the witnesses. We have held that the latter form of the motion for change of venue is subject to the trial court's discretion, and reviewable only for an abuse of discretion. *See Phillips v. Currie Mills, Inc.*, 24 N.C. App. 143, 144, 209 S.E.2d 886, 886 (1974).

*Hill v. Hill*, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 (1971). The fact that plaintiff's complaint was signed by counsel does not render it a verified complaint. There is therefore no evidence in the record that plaintiff was a resident of Harnett County at the commencement of the underlying lawsuit.

Further, in his verified answers to defendant's interrogatories, plaintiff stated the following:

> 1. State the date and place of your birth, your present address, the length of time you have lived there, and each address you have used for the last five (5) years.
>
> ANSWER:  August 4, 1970
>      Monroe, Union County, North Carolina
>      Mountain View Correctional Institution, Spruce Pine, NC
>      1814 John Moore Road, Monroe, NC;
>      1813 Timberlane Drive, Monroe, NC;
>      2512 Doster Road, Monroe, NC

Plaintiff's verified responses do not assert that at any time in the past five years (which covers the period of time going back to the accident) did plaintiff reside in Harnett County.

We hold that, in the absence of any evidence that plaintiff resided in Harnett County, the trial court erred in denying defendant's motion for change of venue. We vacate the trial court's order denying the motion, and remand with instructions for the trial court to transfer this action to Union County.

VACATED AND REMANDED.

Judge HUNTER, Robert C., concurs.

Judge BRYANT dissents in separate opinion.

NO. COA13-1471

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

WALLACE SCOTT KIKER,
    Plaintiff,

    v.                                    Harnett County
                                          No. 13 CVS 162
CEDRIC JELANI WINFIELD,
    Defendant.


        BRYANT, Judge, dissenting.


        The majority vacates the trial court's order denying

defendant's motion for change of venue and remands with

instructions for the trial court to transfer this action to

Union County.  Because I believe the trial court did not abuse

its discretion in denying defendant's motion, I must

respectfully dissent.

        North Carolina General Statutes, section 1-82, holds that

where an action is not based upon real property, "the action

must be tried in the county in which the plaintiff[] . . .

reside[s] at its commencement . . . ."  N.C. Gen. Stat. § 1-82

(2013).  A motion for change of venue must be granted where it

is clear that the action has been brought in the wrong county.

*Nello L. Teer Co. v. Hitchcock Corp.*, 235 N.C. 741, 743, 71

S.E.2d 54, 55—56 (1952).  Where venue is appropriate under

-2-

N.C.G.S. § 1-82, a trial court's decision as to whether to permit a non-mandatory transfer is reviewed for abuse of discretion. *Centura Bank v. Miller*, 138 N.C. App. 679, 683—84, 532 S.E.2d 246, 249—50 (2000).

The majority contends the trial court erred in denying defendant's motion because plaintiff failed to provide evidence of his residency for venue purposes. Specifically, defendant contends, and the majority agrees, that plaintiff failed to provide evidence that plaintiff resided in Harnett County at the time of filing his complaint. I respectfully disagree.

The majority reasons that based on *Hill v. Hill*, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 (1971) (noting that "[a]n unverified complaint is not an affidavit or other evidence"), there is no evidence in the record that plaintiff resided in Harnett County. The majority fails to recognize that the complaint was signed by plaintiff's Harnett County attorney. The first allegation in the complaint is: "1. That Plaintiff is a citizen and resident of Harnett County." Pursuant to Rule 11 of our Rules of Civil Procedure, "[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable

inquiry it is well grounded in fact and is warranted by existing law[.]" N.C. Gen. Stat. § 1A-1, Rule 11(a) (2013). Further, plaintiff's attorney signed the affidavit of service indicating his representation of plaintiff and that service of summons and complaint had been completed upon defendant. Although the majority is technically correct in describing plaintiff's complaint as "unverified," the fact remains that plaintiff's counsel signed the complaint indicating that plaintiff's attorney believed plaintiff was a resident of Harnett County at the time the complaint was filed and filed an affidavit of service as to the complaint. Therefore, the record contains some evidence that was before the trial court as to plaintiff's residency at the commencement of the action.[2]

In its order denying defendant's motion for change of venue, the trial court made no findings of fact, noting only that: "The Court having reviewed the Defendant's motion, applicable law and after hearing arguments of counsel, HEREBY ORDERS that Defendant's motion is denied, without prejudice."

---

[2] Defendant points to an interrogatory in which plaintiff lists four Union County addresses, and a present location at the Mountain View Correctional Institution in Spruce Pine, as proof that venue in Harnett County is inappropriate. However, plaintiff answered defendant's interrogatory on 29 October 2013, almost ten months after plaintiff filed his complaint.

The record does not contain a transcript of the hearing before the trial court. Without a transcript of the hearing, we cannot know what transpired during that hearing and it would be inappropriate to speculate as to the factors that led to the decision of the trial court.

It is well-established that "an appellate court accords great deference to the trial court . . . because it is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision[.]" *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619—20 (2011). Further, a trial court's decision on whether to permit transfer of venue is reviewed for abuse of discretion where it appears that venue is appropriate. *Centura Bank*, 138 N.C. App. at 683—84, 532 S.E.2d at 249—50.

As such, based on the record we do have before this Court, where there does exist evidence of plaintiff's residency in Harnett County, I cannot hold that the trial court abused its discretion and erred in denying defendant's motion for change of venue. For the reasons stated herein, I would affirm the order of the trial court.