BRYANT, Judge,
dissenting.
The majority vacates the trial court’s order denying defendant’s motion for change of venue and remands with instructions for the trial court to transfer this action to Union County. Because I believe the trial court did not abuse its discretion in denying defendant’s motion, I must respectfully dissent.
North Carolina General Statutes, section 1-82, holds that where an action is not based upon real property, “the action must be tried in the county in which the plaintiff[] . . . reside[s] at its commencement. . . N.C. Gen. Stat. § 1-82 (2013). A motion for change of venue must be granted where it is clear that the action has been brought in the wrong county. Nello L. Teer Co. v. Hitchcock Corp., 235 N.C. 741, 743, 71 S.E.2d 54, 55-56 (1952). Where venue is appropriate under N.C.G.S. § 1-82, a trial court’s decision as to whether to permit a non-mandatory transfer is reviewed for abuse of discretion. Centura Bank v. Miller, 138 N.C. App. 679, 683-84, 532 S.E.2d 246, 249-50 (2000).
The majority contends the trial court erred in denying defendant’s motion because plaintiff failed to provide evidence of his residency for venue purposes. Specifically, defendant contends, and the majority agrees, that plaintiff failed to provide evidence that plaintiff resided in Harnett County at the time of filing his complaint. I respectfully disagree.
The majority reasons that based on Hill v. Hill, 11 N.C. App. 1, 10, 180 S.E.2d 424, 430 (1971) (noting that “[a]n unverified complaint is not an affidavit or other evidence”), there is no evidence in the record that plaintiff resided in Harnett County. The majority fails to recognize that the complaint was signed by plaintiff’s Harnett County attorney. The first allegation in the complaint is: “1. That Plaintiff is a citizen and resident of Harnett County.” Pursuant to Rule 11 of our Rules of Civil Procedure, “[t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of *367 his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law[.]” N.C. Gen. Stat. § 1A-1, Rule 11(a) (2013). Further, plaintiff’s attorney signed the affidavit of service indicating his representation of plaintiff and that service of summons and complaint had been completed upon defendant. Although the majority is technically correct in describing plaintiff’s complaint as “unverified,” the fact remains that plaintiff’s counsel signed the complaint indicating that plaintiff’s attorney believed plaintiff was a resident of Harnett County at the time the complaint was filed and filed an affidavit of service as to the complaint. Therefore, the record contains some evidence that was before the trial court as to plaintiff’s residency at the commencement of the action.[1]
In its order denying defendant’s motion for change of venue, the trial court made no findings of fact, noting only that: “The Court having reviewed the Defendant’s motion, applicable law and after hearing arguments of counsel, HEREBY ORDERS that Defendant’s motion is denied, without prejudice.” The record does not contain a transcript of the hearing before the trial court. Without a transcript of the hearing, we cannot know what transpired during that hearing and it would be inappropriate to speculate as to the factors that led to the decision of the trial court.
It is well-established that “an appellate court accords great deference to the trial court. . . because it is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision[.]” State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619-20 (2011). Further, atrial court’s decision on whether to permit transfer of venue is reviewed for abuse of discretion where it appears that venue is appropriate. Centura Bank, 138 N.C. App. at 683-84, 532 S.E.2d at 249-50.
As such, based on the record we do have before this Court, where there does exist evidence of plaintiff’s residency in Harnett County, I cannot hold that the trial court abused its discretion and erred in denying defendant’s motion for change of venue. For the reasons stated herein, I would affirm the order of the trial court.

. Defendant points to an interrogatory in which plaintiff lists four Union County addresses, and a present location at the Mountain View Correctional Institution in Spruce Pine, as proof that venue in Harnett County is inappropriate. However, plaintiff answered defendant’s interrogatory on 29 October 2013, almost ten months after plaintiff filed his complaint.